

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XSOLLA (USA), INC., a California Corporation, | Case No. 2:24-cv-02116-ODW-AGR |
|     Plaintiff and Counterdefendant, | *[Assigned to the Hon. Otis D. Wright II]* |
|     v. | **STIPULATED PROTECTIVE ORDER** |
| AGHANIM INC., a Delaware Corporation; Albert Tagirovich Tugushev; and DOES 1 through 50, | Complaint Filed: March 14, 2024<br>Trial:    February 2, 2027 |
|     Defendants, Counterclaimant, and Third-Party Plaintiff (Aghanim), | |
|     v. | |
| ALEKSANDR AGAPITOV and DOES 1 through 50, | |
|     Third-Party Defendants. | |

## I.    PURPOSES AND LIMITATIONS

    A.    Disclosure and discovery in this action is likely to involve production of

confidential, proprietary, or private information for which special protection from

public disclosure and from use for any purpose other than prosecuting this litigation

may be warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order (hereafter the "Order").

B.    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, or items that are entitled to confidential treatment under the applicable legal principles.

C.    The entry of this Order does not preclude any Party from seeking a further order of the Court as appropriate. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other proceeding in this action any document, testimony, or other evidence.

## II.    GOOD CAUSE STATEMENT

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential, proprietary and/or trade secret business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating the

privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of this action, to address their handling at the end of the action, and serve the ends of justice, a protective order for such information is justified in this action. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III.  DEFINITIONS

A.  <u>Action</u>: *Xsolla (USA), Inc. v. Aghanim, Inc., et al.*, Case No. 2:24-cv-02116-ODW-AGR.

B.  <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

C.  <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that consist of or contain confidential or sensitive non-public information, including but not limited to,

research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c) and any applicable case law, and as specified above in the Good Cause Statement. "CONFIDENTIAL" information or items also includes information that a party is required to maintain as confidential under the terms of an agreement, any applicable law, or any other understanding.

D.   "HIGHLY CONFIDENTIAL-AEO" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that constitute or contain highly sensitive competitive business and/or proprietary information that warrants the highest level of confidentiality the disclosure of which will place the Producing Party at a competitive disadvantage. Any Producing Party may designate as "Highly Confidential-AEO": (i) trade secrets; (ii) current and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (iii) research and development activities, including technology and know-how, which have not been disclosed to the public; (iv) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations—as distinct from the existence of the commercial relationship—out of the public domain; (v) non-public communications with United States or foreign patent offices; (vi) non-public communications with United States or foreign

regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income, revenue, and costs (i.e., production, marketing and overhead); and (viii) any other category of information subsequently agreed to by the Parties in writing as constituting "Highly Confidential-AEO" Information.  Should confidential and/or proprietary computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs ("Source Code") become relevant and responsive in this proceeding, the Parties shall meet and confer to determine how such Source Code can be produced and/or made available for inspection in a mutually agreeable format and with adequate protections consistent with Section VI. D of the ESI Order.

E.    Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" (Attorneys' Eyes Only).

F.    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

G.    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H.    In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

I.    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

J.    Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

K.    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their supporting attorneys and staff).

L.    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.    <u>Protected Material</u>:    Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" as defined above in subsection (C) or as "HIGHLY CONFIDENTIAL-AEO" as defined above in subsection (D).

O.    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV.    SCOPE

A.    The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## V.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court orders otherwise.

## VI.    DESIGNATING PROTECTED MATERIAL

**A.    Exercise of Restraint and Care in Designating Material for Protection**

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of

material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B.      Manner and Timing of Designations**

1.      Any Producing Party, or Non-Party recipient of a discovery request/subpoena, may designate Disclosure or Discovery Material as "Confidential" or "Highly Confidential-AEO" under the terms of this Order if the Producing Party in good faith believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order. Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires the following:

a.    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other court proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" to each page that contains Protected Material. If only a

9

portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

c.    Specific deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO," either on the record during the deposition or by identifying the page and line(s) of testimony for which it seeks protection within thirty (30) days after receipt of the official written transcript by the Designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit Counsel for the Party deposed an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the

deposition transcript, including documents and other exhibits containing confidential information.

d.    For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" in the file name. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

## B.    Inadvertent Failure to Designate

1.    An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, and may be remedied by supplemental written notice upon discovery of the disclosure. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    **Timing of Challenges**. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling and Case Management Order (ECF 86). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B.    **Meet and Confer**. The Challenging Party shall initiate a dispute resolution process by serving a written letter giving notice to the Designating Party of each designation being challenged, including the Bates numbers where the challenged designations appear, and describing the basis for each challenge. The written notice must indicate that the challenge to confidentiality is being made pursuant to this Protective Order.

C.    **Joint Stipulation**. If the parties are unable to reach a resolution after meeting and conferring, a party may make a submission to the Court for relief.

D.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

until the Court rules on the challenge. In the event that the Court rules (and any efforts to appeal that ruling are exhausted) that the challenged material is not Confidential or Highly Confidential-AEO, and/or orders the challenged material to be reproduced with a different level of confidentiality, the Designating Party shall reproduce copies of all materials so designated with the appropriate label (or without label) at the Designating Party's expense within 21 days or as otherwise ordered by the Court.

**VIII. ACCESS TO AND USE OF PROTECTED MATERIAL**

    **A.**    **Basic Principles**

        1.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

        2.    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    **B.**    **Disclosure of "CONFIDENTIAL" Information or Items**

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors and employees (including In-House Counsel) of Defendant Aghanim, Inc., to whom disclosure is reasonably necessary for this Action; Defendant Tugushev; and the officers, directors, and employees (including In-House Counsel) of Plaintiff, to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

f.      Professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who

have signed the "Acknowledgment and Agreement to be Bound"
attached as Exhibit A hereto;

g.      The author or recipient of a document containing the
information;

h.      During their depositions, witnesses, and attorneys for
witnesses, in the Action to whom disclosure is reasonably
necessary, provided: (i) the deposing party requests that the witness
sign the "Acknowledgment and Agreement to Be Bound;" and (ii)
they will not be permitted to keep any confidential information,
unless otherwise agreed by the Designating Party or ordered by the
Court. Pages of transcribed deposition testimony or exhibits to
depositions that reveal Protected Material may be separately bound
by the court reporter and may not be disclosed to anyone except as
permitted under this Stipulated Protective Order; and

i.      Any mediator or settlement officer, and their supporting
personnel, mutually agreed upon by any of the parties engaged in
settlement discussions.

**C.    Disclosure of "HIGHLY CONFIDENTIAL-AEO" Information or Items.**

1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-AEO" only to:

a.    The Receiving Party's Outside Counsel of Record in this Action and employees of such Counsel to whom it is reasonably necessary to disclose this information;

b.    The Court and its personnel;

c.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), provided that, prior to disclosure, the Receiving Party shall make a written request to the Designating Party that (1) identifies the general categories of Highly Confidential-AEO Information or Items that the Receiving Party seeks to disclose, (2) identifies the Expert by full name, relationship to the Receiving Party, and city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s). A Party that makes a request and provides the information specified in this subsection (c) may

disclose the designated materials to the identified Expert, unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. If there is a challenge to objections from the Designating Party under this subsection (c), the Parties shall meet and confer in an attempt to resolve the challenge, and shall submit the issue to the Court in the event the Parties are unable to resolve the challenge.

d.      Court reporters and their staff;

e.      Professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), provided they are not permitted to retain copies of any such material;

f.      The author or recipient of a document containing the information; and

g.      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**D.    Own Documents.**

Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of

documents, transcripts, and materials afforded confidential treatment pursuant to this Order. This includes the Producing Party disclosing any information or item that it designated "HIGHLY CONFIDENTIAL-AEO" to its present or former employees or other witnesses in connection with their deposition in this Action, solely for the limited purpose of a deposition. Any such disclosure shall not permit a Receiving Party to further disclose such information to such present or former employees or witnesses outside of the deposition.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.    If a Party is served with a document request, a subpoena, or a court order issued in other litigation or an investigation by any federal, state, or local government agency, department, or other entity that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" by the other side, that Party must:

1.    Promptly notify in writing the Designating Party. Such notification shall include a copy of the document request, subpoena or court order;

2.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

B.    If the Designating Party timely seeks a protective order, the Party served with the document request, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" before a determination by the tribunal or court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or is otherwise legally required to do so. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## X.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

A.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

STIPULATED PROTECTIVE ORDER

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from the court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

## XI.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.    When a Producing Party gives notice to a Receiving Party that certain unintentionally or inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to, the attorney-client privilege and work-product doctrine), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery protocol.

B.    Materials covered by this Order shall receive the maximum protection afforded by Fed. R. Evid. 502(d). Under Fed. R. Evid. 502(d) and 28

U.S.C. § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

## XIII. MISCELLANEOUS

### A.    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek modification of it by the Court in the future.

### B.    Right to Assert Other Objections.

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

### C.    Use of Generative AI.

The Parties agree that the Receiving Party shall not use any documents, electronically stored information ("ESI"), or other materials produced or exchanged in the course of this litigation, including but not limited to those designated as "Confidential" or "Highly Confidential-AEO" under any operative protective order, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence,

foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. This provision does not affect the Parties' use of technology assisted review ("TAR"), as contemplated in the ESI Protocol in this action." Any violation of this provision may be addressed by the Court through appropriate remedies, including, but not limited to, sanctions.

## XIV. FINAL DISPOSITION

A.      After the final disposition of this Action, as defined in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, deposition, and hearing or trial transcripts, legal memoranda, correspondence, deposition and hearing or trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 28, 2025                    _/s/ Bridget Briggs_

                                          BLANK ROME LLP
                                          Dennis Ehling
                                          Michael Iannucci (*Pro Hac Vice*)
                                          Bridget Briggs (*Pro Hac Vice*)
                                          Benjamin Wigley

1

*Attorneys for Plaintiff/Counterdefendant
Xsolla (USA), Inc. and Third-Party Defendant
Aleksandr Agapitov*

2

3

4

5    Dated:  August 28, 2025                    */s/ Diana Rutowski*

6                                               ORRICK, HERRINGTON &
                                                SUTCLIFFE LLP
7                                               Diana Rutowski
8                                               David P. Fuad
                                                James H. McQuade (*Pro Hac Vice*)
9                                               Kristina Arianina (*Pro Hac Vice*)

10

11                                              *Attorneys for
                                                Defendant/Counterclaimant/Third-Party
12                                              Plaintiff Aghanim, Inc. and Defendant Albert
                                                Tugushev*
13

14

15

16

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**
17

18

19                                              *[signature]*

    Dated: October 20, 2025
20                                              Hon. Alicia G. Rosenberg
21                                              United States Magistrate Judge

22

23

24

25

26

27

28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issue by

the Court on [DATE] in the case of *Xsolla (USA), Inc. v. Aghanim, Inc., et al.*, Case

No. 2:24-cv-02116-ODW-AGR.  I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER