# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

XSOLLA (USA), INC., a California Corporation,

Plaintiff and Counterdefendant,

v.

AGHANIM INC., a Delaware Corporation; ALBERT TAGIROVICH TUGUSHEV; and DOES 1 through 50,

Defendants, Counterclaimant, and Third-Party Plaintiff (Aghanim),

v.

ALEKSANDR AGAPITOV and DOES 1 through 50,

Third-Party Defendants.

Case No. 2:24-cv-02116-ODW-AJR

*[Assigned to the Hon. Otis D. Wright II]*

**~~[PROPOSED]~~ AMENDED STIPULATED PROTECTIVE ORDER**

Complaint Filed: March 14, 2024
Trial: February 2, 2027

## I. PURPOSES AND LIMITATIONS

**A.** Disclosure and discovery in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order (hereafter the "Protective Order" or "Order").

**B.** The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, or items that are entitled to confidential treatment under the applicable legal principles.

**C.** The entry of this Order does not preclude any Party from seeking a further order of the Court as appropriate. Nothing herein shall be construed to affect in any manner the admissibility at trial or in any other proceeding in this action any document, testimony, or other evidence.

## II. GOOD CAUSE STATEMENT

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential, proprietary, and/or trade secret business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating the privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state

or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of this action, to address their handling at the end of the action, and to serve the ends of justice, a protective order for such information is justified in this action. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

**A.** Action: *Xsolla (USA), Inc. v. Aghanim, Inc., et al.*, Case No. 2:24-cv-02116-ODW-AJR.

**B.** Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

**C.** "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that consist of or contain confidential or sensitive non-public information, including but not limited to, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c) and any applicable case law, and as specified above in the Good Cause Statement. "CONFIDENTIAL" information or items also includes information that a party is required to maintain as confidential under the terms of an agreement, any applicable law, or any other understanding.

**D.** "HIGHLY CONFIDENTIAL-AEO" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that constitute or contain highly sensitive competitive business and/or proprietary

information that warrants the highest level of confidentiality the disclosure of which will place the Producing Party at a competitive disadvantage. Any Producing Party may designate as "HIGHLY CONFIDENTIAL-AEO": (i) trade secrets; (ii) current and future business and marketing plans, except for advertisements or communications that have been disclosed to the public; (iii) research and development activities, including technology and know-how, which have not been disclosed to the public; (iv) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations—as distinct from the existence of the commercial relationship—out of the public domain; (v) non-public communications with United States or foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income, revenue, and costs (i.e., production, marketing, and overhead); and (viii) any other category of information subsequently agreed to by the Parties in writing as constituting "HIGHLY CONFIDENTIAL-AEO" Information.

**E.** "HIGHLY CONFIDENTIAL-SOURCE CODE": Confidential and/or proprietary computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs ("Source Code Material").

**F.** Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-AEO" (Attorneys' Eyes Only), or "HIGHLY CONFIDENTIAL-SOURCE CODE."

**G.** Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

**H.** Expert(s): A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**I.** In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**J.** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**K.** Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**L.** Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their supporting attorneys and staff) (collectively, “Parties”).

**M.** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**N.** Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**O.** Protected Material: Any Disclosure or Discovery Material that is designated as “CONFIDENTIAL” as defined above in subsection (C), as “HIGHLY CONFIDENTIAL-AEO” as defined above in subsection (D), or as “HIGHLY CONFIDENTIAL-SOURCE CODE” as defined above in subsection (E).

**P.** Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their In-House Counsel or Outside Counsel of Record that might reveal Protected Material.

## V. DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court orders otherwise.

## VI. DESIGNATING PROTECTED MATERIAL

**A. Exercise of Restraint and Care in Designating Material for Protection.**

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B. Manner and Timing of Designations – "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO."**

1. Any Producing Party, or Non-Party recipient of a discovery request/subpoena, may designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" under the terms of this Order if the Producing Party in good faith believes that such Discovery Material contains non-public, confidential, personal, proprietary, or commercially sensitive information that requires protections provided in this Order. Except as otherwise provided in this Order (*see, e.g.*, Section VI(B)(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

a. For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other court proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

b. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party

has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

c. Specific deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO," either on the record during the deposition or by identifying the page and line(s) of testimony for which it seeks protection within thirty (30) days after receipt of the official written transcript by the Designating Party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit Outside Counsel of Record for the Party deposed an opportunity to designate the deposition testimony as Protected Material. If designation is made during the 30-day period after receipt of the transcript, all Parties in possession of the transcript at the time of receiving the designation or thereafter shall place the label "CONFIDENTIAL" on the front cover of the transcript, on each or all of the exhibits and/or pages so designated, and on each copy thereof upon notice that the confidential designation has been made. The court reporter shall operate in a manner consistent with this Order and shall separately label the confidential portions of the deposition

transcript, including documents and other exhibits containing confidential information.

d. For information produced in a form other than documents and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO." For protected information produced in native format (such as an Excel spreadsheet), the Producing Party shall include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" in the file name and/or on any related production slip sheets. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C. Manner and Timing of Designations – "HIGHLY CONFIDENTIAL-SOURCE CODE."**

1. A Producing Party may designate material as "HIGHLY CONFIDENTIAL-SOURCE CODE" if it is Source Code Material. Source Code Material is by default designated "HIGHLY CONFIDENTIAL-SOURCE CODE" and shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party.

2. Agreed upon Source Code Material shall be made available by the Producing Party to the Receiving Party's Outside Counsel of Record and Expert(s) approved by the process described herein, in a secure room on a secured, "stand-alone" computer without Internet or intranet access or network (including a local area network ("LAN")), access to other computers and on which all access ports have been disabled (except for the ports necessary for a keyboard, mouse, and monitor), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code

Material outside or away from the computer(s) on which the Source Code Material is provided for inspection (the "Source Code Computer(s)" in the "Source Code Review Room"). The Source Code Material shall be provided on the Source Code Computer(s) in an uncompressed, searchable format and with only viewing rights (*i.e.*, without rights to edit, modify, write, or delete). The Source Code Computer(s), including a keyboard, mouse, and monitor of at least 24 inches diagonal, shall be reasonably configured to permit the receiving party to review the Source Code Material. Additionally, except as provided herein, the Source Code Computer(s) may only be located at the offices of the Producing Party's Outside Counsel of Record, and/or another location as mutually agreed to by the Parties or as ordered by the Court.

3. The Receiving Party may request that the Source Code Computer use a specific operating system. However, the Producing Party is under no obligation to provide a Source Code Computer using the requested operating system if such request would be unduly burdensome to the Producing Party. The Parties agree that the Producing Party shall, upon request, install the following software tools on the Source Code Computer(s) without objection, provided they are compatible with the system and do not permit compilation or modification of Source Code Materials: Scitools Understand, Source Insight, Visual Studio Code (read-only mode), WinMerge, Sublime Text, Eclipse, TextPad, Notepad++, Notepad, WordPad, Singular Emacs, GVim, Beyond Compare, Quick View Plus, 7-Zip, WinRAR, Cygwin, PowerGrep, repository access tools (including Git and Git Cola, Subversion), VeraCrypt, MS Office Viewers (Word, Excel, PowerPoint), and Adobe Reader (latest available version).

4. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced. The Receiving Party's Outside Counsel of Record and/or Experts may request that additional commercially available software tools for viewing and searching Source Code

Material be installed on the Source Code Computer(s), provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such software tools can execute on the Source Code Computer(s). The Receiving Party must provide the Producing Party with such licensed software tool(s) at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer(s). The Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the Source Code Computer(s) or the Source Code Review Room.

5. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. in the time zone where the Source Code Computer(s) is/are located. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its Outside Counsel of Record shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

6. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s).

7. Access to Protected Material designated "HIGHLY CONFIDENTIAL-SOURCE CODE" shall be limited to Outside Counsel of Record and up to three (3) Experts (*i.e.*, not existing employees or affiliates of a Party or an

affiliate of a Party) retained for the purpose of this Action and approved to access such Protected Materials pursuant to Section VIII(D)(1)(c) below.

8. Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide five (5) business days' notice of the Source Code Material that it wishes to inspect. The Parties shall work together in good faith to schedule any additional inspection. If the Receiving Party determines that it cannot complete its inspection on the noticed day and requires an additional day to complete its inspection, it shall provide such notice by 3:00 p.m. in the time zone where the Source Code Computer(s) is/are located that the Receiving Party intends to return the following day. The Producing Party shall make a good faith effort to accommodate the Receiving Party's request. When requesting inspection of a Party's Source Code Material, the Receiving Party shall identify the person permitted above who will inspect the Producing Party's Source Code Material on behalf of a Receiving Party, including without limitation members of a Receiving Party's Outside Counsel of Record.

9. All persons, including Experts, who will review a Producing Party's Source Code Material on behalf of a Receiving Party, shall be identified in writing to the Producing Party at least five (5) calendar days in advance of the first time that such person reviews such Source Code Material. Such identification shall be in addition to any other disclosure required under this Protective Order. A Producing Party may object to providing Source Code Material access to any persons so identified. All persons viewing Source Code Material in the Source Code Review Room shall sign, on each day they view Source Code Material, a log that will include the names of persons who enter the locked room to view the Source Code Material and when they enter and depart.

10. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, Expert report, discovery document, deposition transcript, other Court document ("Source Code Document(s)"), provided that the Source Code

Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

11. To the extent portions of Source Code Material are quoted in a Source Code Document, either: (1) the entire Source Code Document will be stamped and treated as "HIGHLY CONFIDENTIAL-SOURCE CODE"; or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "HIGHLY CONFIDENTIAL-SOURCE CODE."

12. No copies of all or any portion of the Source Code Material may leave the Source Code Review Room except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted without prior written consent of the Producing Party or except as otherwise provided herein. The Receiving Party shall be permitted to request a reasonable number[1] of printouts of Source Code Material and use such printouts if: (1) necessary for use as exhibits at trial; or (2) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's Expert report). However, the Receiving Party may not request printed copies for the purposes of reviewing the Source Code Material other than electronically in the first instance. The printed pages shall be labeled with a number and the "HIGHLY CONFIDENTIAL-SOURCE CODE" designation. The Producing Party shall have seven (7) days to review the printed or requested Source Code Material to determine whether to object before production. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this Action. Hard copies of the Source Code Material also may not be converted into an

[1] For the avoidance of doubt, what is considered a reasonable number of pages for printing is to be determined on a request-by-request basis, tied to demonstrable need. Should a dispute arise as to the number of pages requested for printing, the Producing Party and Receiving Party shall promptly meet and confer in good faith to resolve any disputes. If they cannot resolve the issue, either Party may seek an order from the Court, and the Producing Party shall bear the burden of demonstrating that any request is unreasonable.

electronic document, except as necessary for Expert report(s) and pleadings filed under seal.

13. The Receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material as detailed in paragraph 12 and up to four (4) extra photocopy sets of the printed Source Code Material, reasonably necessary for the preparation of court filings, pleadings, Expert reports, or other papers, depositions, or trial, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL-SOURCE CODE."

14. The Receiving Party shall maintain a log of all such files that are printed or photocopied, which log shall be provided to the Producing Party. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. The Producing Party will provide any printed paper copies, via mail with signature required for delivery, to the Receiving Party within three (3) business days after the objection period, unless otherwise agreed or the Producing Party objects to the request. The Receiving Party's reviewers will be permitted to format printouts (*e.g.*, the color and font of text generated in Notepad++ printouts), and to save .pdf printouts to a folder on the desktop of the Source Code Computer(s) for printing by the Producing Party. Upon the Receiving Party's request to have printed any portions of Source Code Material, such request shall be printed and collected by the Producing Party. The Producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL-SOURCE CODE" any pages printed at the request of the Receiving Party and give them to the Receiving Party within three (3) business days after the objection period, unless objected to.

15. If the Receiving Party's Outside Counsel of Record or Expert(s) obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel of Record or Expert(s) keep the printouts or photocopies in a secured locked area in the offices of such Outside Counsel of Record or Expert(s). The Receiving Party may also temporarily keep the printouts or

photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). The Producing Party's Source Code Material, in whatever form, including as an excerpt or in notes, shall not be transmitted (*e.g.*, by email) outside the territorial United States or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export control laws by the Receiving Party's Outside Counsel of Record or Expert(s), without the express prior written consent of the Producing Party, which consent shall not be unreasonably withheld.[2]

16. A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of the Producing Party or another person authorized by the Producing Party, on paper via hand carry, Federal Express, or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material is at all times subject to the transport restrictions set forth herein.[3]

17. Upon request, the Producing Party will make a Source Code Computer available for use at the deposition(s) of: Producing Party's personnel (including its 30(b)(6) designees); Producing Party's Expert(s); or Receiving Party's Expert(s) that are authorized to access Source Code Material, and shall provide

---

[2] For the avoidance of doubt, the Parties intend to address any transmission of Source Code Material outside the territorial United States that is necessary for depositions in a separate agreement.

[3] For avoidance of doubt, prohibitions in this paragraph and paragraph 15 above do not apply to the drafting, preparation, service, filing, and storage of documents (*e.g.*, expert reports, contentions, pleadings, etc.) that discuss or quote Source Code Material. A Receiving Party shall use reasonable, commercially available means to protect such documents that refer to or quote from Source Code Material from unauthorized access.

means for identifying Source Code Material for subsequent production as may be required (*e.g.*, printing to .pdf for identification and subsequent production).

18. A Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code Material onto any recordable media or recordable device.

19. The Receiving Party is prohibited from bringing electronic devices (other than medical devices), or recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, into the Source Code Review Room except as expressly provided herein.

20. A separate, secure, and substantially private breakout room convenient to the Source Code Review Room will be provided where the Receiving Party's reviewer may securely store their electronic devices prior to entering the Source Code Review Room and where the Receiving Party's reviewer may make phone calls.

21. To facilitate secure electronic note-taking, the Producing Party shall provide a separate "stand-alone" laptop (*e.g.*, a computer distinct from the Source Code Computer(s) that is not linked to any network, including a LAN, an intranet, or the Internet, and has image making functionality of any type disabled, including without limitation camera and video functionality) (the "Note-taking Laptop") located in the Source Code Review Room. The Note-taking Laptop shall be equipped with Microsoft Word, Microsoft Excel, and Microsoft OneNote, or (after reasonable notice to the Receiving Party) equivalent software. The Note-taking Laptop shall be used for the sole purpose of note-taking and shall be retained by the Producing Party. During each review session, the Producing Party may disable any input and/or output devices on the Note-taking Laptop (*e.g.*, disable USB ports, optical disk drives, Wi-Fi, or Ethernet connectivity). All notes taken on the Note-taking Laptop shall be designated and treated as "HIGHLY CONFIDENTIAL-

SOURCE CODE." The Producing Party shall provide for any reviewer to load notes, including electronic documents, onto the Note-taking Laptop prior to a review session and to retrieve notes from the Note-taking Laptop after a review session, for example by supervised use of an encrypted USB storage device. The Note-taking Laptop shall have no features which would hinder the complete clearing of the Receiving Party's notes from the Note-taking Laptop after such notes have been downloaded by the Receiving Party's reviewer. Any such notes shall not include unreasonably large copies or reproductions of portions of the Source Code Material.[4]

22. Under no circumstances is any portion of the Source Code Material to be recorded in notes as a way to circumvent the protections of this Protective Order. If any individual inspecting Source Code Material seeks to take handwritten notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the Source Code Review Room. All such notes shall be designated and treated as "HIGHLY CONFIDENTIAL-SOURCE CODE." The Parties acknowledge that any notes or other work product taken or developed while in the Source Code Review Room may be later transcribed in electronic form, but any such transcription shall be designated and treated as "HIGHLY CONFIDENTIAL-SOURCE CODE."

23. The Producing Party may visually monitor the activities of the Receiving Party's reviewers during any Source Code Material review, but only to the extent reasonably necessary to ensure compliance with the provisions of this Section. In so doing, the Producing Party will not record, track, monitor, listen in on, or otherwise inhibit the Receiving Party's privileged communications or note-taking in the Source Code Review Room, nor will the Producing Party monitor what is being specifically reviewed on the Source Code Computer's screen by the Receiving

[4] Any notes taken during a Source Code inspection in accordance with the preceding paragraphs shall not include source code files or entire functions or methods where such functions or methods are longer than a few lines.

Party, nor will the Producing Party view the notes taken by the Receiving Party nor will the Producing Party log the Receiving Party's keystrokes on the Source Code Computer(s) or otherwise attempt to record the Receiving Party's work-product, and the Producing Party's supervision will not, by itself, be deemed to cause any waiver or other loss of any privilege covering such notes or communications.

24. Unless otherwise agreed by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session but shall not intentionally attempt to review privileged or confidential information left by the Receiving Party. All authorized persons shall be required to show a government-issued photo identification card confirming their identity prior to any access to the Source Code Review Room or the Source Code Computer(s). Access to the Source Code Review Room or the Source Code Computer(s) may be denied to any individual who fails to provide proper identification.

25. To the extent that any individual reviews, accesses, or uses a Producing Party's own Source Code Material in connection with the source code inspection process described in this Section VI(C), including for purposes of comparison with the Receiving Party's Source Code Material, such individual shall handle the Producing Party's Source Code Material with reasonable safeguards consistent with the confidentiality protections of this Order, provided that nothing herein shall restrict a Party's right to access or use its own Source Code Material outside of the source code inspection process of this Section VI(C) in any way they want.

**D. Inadvertent Failure to Designate.**

An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this

Order for such material, and may be remedied by supplemental written notice upon discovery of the disclosure. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**A. Timing of Challenges**. Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling and Case Management Order (ECF 86). Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**B. Meet and Confer**. The Challenging Party shall initiate a dispute resolution process by serving a written letter giving notice to the Designating Party of each designation being challenged, including the Bates numbers where the challenged designations appear, and describing the basis for each challenge. The written notice must indicate that the challenge to confidentiality is being made pursuant to this Protective Order.

**C. Joint Stipulation**. If the Parties are unable to reach a resolution after meeting and conferring, a party may make a submission to the Court for relief.

**D.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. In the event that the Court rules (and any efforts to appeal that ruling are exhausted) that the challenged material is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-AEO," "HIGHLY

CONFIDENTIAL-SOURCE CODE," and/or orders the challenged material to be reproduced with a different level of confidentiality, the Designating Party shall reproduce copies of all materials so designated with the appropriate label (or without label) at the Designating Party's expense within 21 days or as otherwise ordered by the Court.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

### A. Basic Principles.

1. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "CONFIDENTIAL" Information or Items.

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b. The officers, directors and employees (including In-House Counsel) of Defendant Aghanim, Inc., to whom disclosure is reasonably necessary for this Action; Defendant Tugushev; and the officers, directors, and employees (including In-House

Counsel) of Plaintiff, to whom disclosure is reasonably necessary for this Action;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel;

e. Court reporters and their staff;

f. Professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A hereto;

g. The author or recipient of a document containing the information;

h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound;" and (ii) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

i. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**C. Disclosure of "HIGHLY CONFIDENTIAL-AEO" Information or Items.**

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-AEO" only to:

a. The Receiving Party's Outside Counsel of Record in this Action and employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose this information;

b. The Court and its personnel;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, prior to disclosure, the Receiving Party shall make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL-AEO" Information or Items that the Receiving Party seeks to disclose, (2) identifies the Expert by full name, relationship to the Receiving Party, and city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s). A Party that makes a request and provides the information specified in this subsection (c) may disclose the designated materials to the identified Expert, unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. If there is a challenge to objections from the Designating Party under this subsection (c), the Parties shall meet and confer in an attempt to resolve the challenge, and shall submit the issue to the Court in the event the Parties are unable to resolve

the challenge. No disclosure shall occur until all such objections are resolved by agreement between the Parties or Court order;

d. Court reporters and their staff;

e. Professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided they are not permitted to retain copies of any such material;

f. The author or recipient of a document containing the information; and

g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**D. Disclosure of "HIGHLY CONFIDENTIAL-SOURCE CODE" Information or Items.**

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, and subject to the restrictions in Section VI(C) above, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-SOURCE CODE" only to:

a. The Receiving Party's Outside Counsel of Record in this Action and employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose this information;

b. The Court and its personnel;

c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that, prior to disclosure, the Receiving Party shall make a written request to the Designating Party that

(1) identifies the Expert by full name, relationship to the Receiving Party, and city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, and (3) identifies the Expert's current employer(s). A Party that makes a request and provides the information specified in this subsection (c) may disclose the designated materials to the identified Expert, unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. If there is a challenge to objections from the Designating Party under this subsection (c), the Parties shall meet and confer in an attempt to resolve the challenge, and shall submit the issue to the Court in the event the Parties are unable to resolve the challenge. No disclosure shall occur until all such objections are resolved by agreement between the Parties or Court order;

d. Court reporters and their staff;

e. Professional trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided they are not permitted to retain copies of any such material;

f. The author or recipient of a document containing the information, solely for purposes of deposition, including preparation, and/or trial; and

g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

**E. Own Documents.**

Nothing herein shall affect or restrict the rights of any Party with respect to its

own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order. This includes the Producing Party disclosing any information or item that it designated "HIGHLY CONFIDENTIAL-AEO" to its present or former employees or other witnesses in connection with their deposition in this Action, solely for the limited purpose of a deposition. Any such disclosure shall not permit a Receiving Party to further disclose such information to such present or former employees or witnesses outside of the deposition.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**A.** If a Party is served with a document request, a subpoena, or a court order issued in other litigation or an investigation by any federal, state, or local government agency, department, or other entity that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" by the other side, that Party must:

1. Promptly notify in writing the Designating Party. Such notification shall include a copy of the document request, subpoena, or court order;

2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

**B.** If the Designating Party timely seeks a protective order, the Party served with the document request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" before a determination by the tribunal or court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission or is otherwise legally required to do so. The Designating Party shall bear the burden and expense of seeking protection in that tribunal or court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another tribunal or court.

**X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

**A.** The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**B.** In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

**C.** If the Non-Party fails to seek a protective order from the court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to

the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

**A.** When a Producing Party gives notice to a Receiving Party that certain unintentionally or inadvertently produced material is subject to a claim of privilege or other protection (including, but not limited to, the attorney-client privilege and work-product doctrine), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery protocol.

**B.** Materials covered by this Order shall receive the maximum protection afforded by Fed. R. Evid. 502(d). Under Fed. R. Evid. 502(d) and 28 U.S.C. § 1738, this Order shall be enforceable and granted full faith and credit in all other state and federal proceedings. Any subsequent conflict of law analysis shall apply the law most protective of privilege and work product.

## XIII. MISCELLANEOUS

**A. Right to Further Relief.**

Nothing in this Order abridges the right of any person to seek modification of

it by the Court in the future.

**B. Right to Assert Other Objections.**

By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

**C. Use of Generative AI.**

The Parties agree that the Receiving Party shall not use any documents, electronically stored information ("ESI"), or other materials produced or exchanged in the course of this litigation, including but not limited to those designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL-AEO," or "HIGHLY CONFIDENTIAL-SOURCE CODE" under any operative protective order, in whole or in part, for prompts (inputs), completions (outputs), or embeddings that are used to train, improve, re-train, or otherwise develop any artificial intelligence, foundation model, or large language model (collectively "AI Models"). This prohibition applies regardless of whether the AI Models are proprietary, open-source, or provided by a third party, and regardless of whether the use is for commercial, research, or any other purpose. The Parties further agree to take reasonable steps to ensure that their employees, counsel, agents, consultants, contractors, and any other persons or entities who may have access to such materials comply with this prohibition. This provision does not affect the Parties' use of technology assisted review ("TAR"), as contemplated in the ESI Protocol in this action. Additionally, no expert, consultant, or other person granted access to "HIGHLY CONFIDENTIAL-SOURCE CODE" materials of an opposing party shall upload, transmit, input, or otherwise introduce such source code or any portion thereof into any software, tool, application, platform, or system that is not explicitly authorized by this Protective Order or a subsequent Court order. Any violation of this provision may be addressed by the Court through

appropriate remedies, including, but not limited to, sanctions. For the avoidance of doubt, each party retains the right to use their own source code, outside of this source code inspection process of Section VI(C) in any way they want.

## XIV. FINAL DISPOSITION

**A.** After the final disposition of this Action, as described in Section V, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, deposition, and hearing or trial transcripts, legal memoranda, correspondence, deposition and hearing or trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

**B.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH OUTSIDE COUNSEL OF RECORD.**

Dated: July 17, 2026

**BLANK ROME LLP**

By: */s/ Bridget Briggs*
Dennis Ehling
Michael A. Iannucci (Admitted *PHV*)
Bridget Briggs (Admitted *PHV*)
Benjamin M. Wigley
Alycia S. Tulloch
*Attorneys for Xsolla (USA), Inc. and Aleksandr Agapitov*

Dated: July 22, 2026

**ORRICK HERRINGTON AND SUTCLIFFE LLP**

By: */s/ Diana M. Rutowski*
Diana M. Rutowski
David P. Fuad
Peter J. Ayers
James H. McQuade (*Admitted PHV*)
Kristina Vladimirovna Arianina
J. P. Schreiber
Whitney B. Alcorn
Curtis D. Heckman
*Attorneys for Aghanim, Inc. and Albert Tagirovich Tugushev*

Dated: July 22, 2026

**LAW OFFICE OF WILLIAM MOLINSKI**

By: */s/ William A. Molinski*
William A. Molinski
*Attorneys for Aghanim, Inc.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: July 23, 2026

Joel Richlin
Hon. A. Joel Richlin
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,______________________________[print or type full name], of ____________________________________[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Court on [DATE] in the case of *Xsolla (USA), Inc. v. Aghanim, Inc., et al.*, Case No. 2:24-cv-02116-ODW-AJR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____________________________ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:__________________

City and State where sworn and signed:______________________________

Printed Name:_________________________

Signature:_____________________________